IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASSOCIATED BUILDERS AND CONTRACTORS,
    NEW MEXICO CHAPTER;

NORTHERN NEW MEXICO INDEPENDENT
    ELECTRICAL CONTRACTORS;

NEW MEXICO ROOFING CONTRACTORS
    ASSOCIATION;

NEW MEXICO CHAPTER AMERICAN FIRE SPRINKLER
    ASSOCIATION;

NATIONAL UTILITY CONTRACTORS OF NEW MEXICO;

SHUMATE CONSTRUCTORS, INC.;

KAUFMAN FIRE PROTECTION SYSTEMS, INC.;

REID & ASSOCIATES, INC.;

MECHANICAL CONCEPTS LTD. CO.;

MICHAEL S. RICH CONTRACTORS, INC.;

NEW MEXICO METAL SYSTEMS, LLC;

TLC PLUMBING & UTILITY, INC.;

HIGHWAY SUPPLY, LLC;

PELLETIER CONSTRUCTION, INC.;

PLATINUM BUILDERS CORPORATION; and

SDV CONSTRUCTION, INC.,

        Plaintiffs,

vs.                                      Civil Action No. 1:09-cv-00546-WJ-RHS

STATE OF NEW MEXICO, ex rel.

1

Department of Workforce Solutions; Department
Of Workforce Solutions-Labor Relations Division;
BETTY SPARROW DORIS, in her official capacity;
FRANCIE CORDOVA, in her official capacity,

    Defendants.

DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY

  Defendants oppose Plaintiffs' motion for leave to file surreply (doc. #31) for the following reasons:

  1. Plaintiffs' motion does not conform to the requirements of D.N.M.LR-Civ. 7.3: "A motion … must cite authority in support of the legal positions advanced." Plaintiffs' motion cites no legal authority in support of their requested leave to file a surreply.

  2. Plaintiffs' motion does not satisfy the legal standards required for leave to be granted to file a surreply. Defendants' reply to Plaintiffs' response to Defendants' motion to dismiss did not raise new legal arguments or new evidence.

  3. Plaintiffs may not attempt to amend their complaint, by their intended surreply, to challenge proposed regulations of the Defendants.

  4. Plaintiffs' motion is vague regarding the asserted issue of "consider[ing] documents outside the pleadings" and requires the Court and Defendants to guess about Plaintiffs' intent. If the intent is to allow Plaintiffs the opportunity to try to "shore-up" the admissibility of "exhibit 2" to their response, Plaintiffs have already had that opportunity.

*Argument and Authorities In Support of Defendants' Response*

  1. <u>Non-compliance with D.N.M.LR-Civ. 7.3.</u> Rule 7.3 requires that a movant cite authority in support of legal positions advanced. Plaintiffs cite no authority in support of their

motion. Moreover, their request for leave to file surreply is not supportable under the authority in this and other jurisdictions.

2. <u>Plaintiffs' motion does not satisfy the legal standards to grant leave to file surreply</u>.

Plaintiffs, in their motion for leave, state that their intended surreply would address four points: (1) Whether the Court may consider documents outside the pleadings; (2) Pages 8-10 of Defendants' reply, which Plaintiffs mischaracterize as "testimony;" (3) Defendants' proposed regulations, which Plaintiffs characterize as establishing the use of collective bargaining agreements to set prevailing wage rates; and (4) Surreply to Defendants' arguments about lack of standing and failure to exhaust administrative remedies.

These four points do not address any "new" matter raised by Defendants in their reply (doc. #28 and #29) to Plaintiffs' response (doc. #27) to Defendants' motion to dismiss Plaintiffs' complaint pursuant to F.R.Civ.P.12(b)(1) and 12(b)(6) (doc. #15). The legal standard for granting leave to file a surreply is whether new material has been raised by movant's reply to which the nonmoving party should be given the opportunity to respond. See <u>Green v. State of New Mexico, Department of Labor</u>, 420 F.3d 1189, 1196 (10th Cir. 2005). "Material," for purposes of this framework, includes both new evidence and new legal arguments. <u>Id</u>. See also <u>Lopez v. Garcia</u>, 1 F. Supp.2d 1404, 1406 (D. N.M. 1997) (denying leave to file surreplies, which would be nothing more than surplusage; observing that plaintiff was given ample opportunity at the hearing to present his position on motions). "The matter must be truly new." <u>United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.</u>, 238 F. Supp.2d 270, 277 (D.D.C. 2002).

The "standing" and "exhaustion" issues are nothing new. Those issues were raised and briefed by the Defendants in their memorandum in support of their motion to dismiss (doc. #16) and in their reply (doc. #28 and #29). Any "surreply" to address those issues would merely be surplusage. Similarly, pages 8-10 of Defendants' reply contain Defendants' argument regarding Plaintiffs' failure to exhaust administrative remedies, and any "surreply" to the argument therein would be merely surplusage.

Regarding the Defendants' proposed regulations and the use of collective bargaining agreements to establish the prevailing wage rates, that use has been the gravamen of Plaintiffs' complaint about Chapter 206. That is not a new issue raised by Defendants in their reply.

Moreover, Plaintiffs may not utilize the vehicle of a surreply to attempt to amend their complaint to challenge Defendants' proposed regulations. See, e.g., Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985) (it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").

Defendants' reply to Plaintiffs' response to Defendants' motion to dismiss did not raise new legal arguments or new evidence. Nor do Plaintiffs identify any allegedly new matters. Plaintiffs' motion fails to satisfy the legal standards for granting a surreply.

3. <u>Plaintiffs may not attempt to amend their complaint, by their intended surreply, to challenge proposed regulations of the Defendants</u>.

Plaintiffs' motion states that they wish to address proposed regulations of the Defendants, which they state "absolutely establish that Defendants will use wage rates in collective bargaining agreements negotiated by private parties to set prevailing wage rates in New Mexico." Plaintiffs are seeking to "bootstrap" a suit against Defendants' proposed regulations

into this lawsuit. That attempt is improper. In <u>Weinstein v. United States Air Force</u>, 468 F. Supp.2d 1366 (D.N.M. 2006), the court granted defendants' motion to strike the plaintiffs' supplemental response to defendants' motion to dismiss, which supplemental response was an improper effort by plaintiffs to amend their complaint, citing the language quoted above from <u>Car Carriers</u>.

In the case at bar, Defendants had earlier alerted the Court to the possibility that Plaintiffs' lengthy requested extension of time to respond to Defendants' motion might foretell a "bootstrapping" effort such as this. <u>See</u> Defendants' response to Plaintiffs' motion for extension of time (doc. #21). This Court allowed the Plaintiffs' requested extension of time, but with the expressed certainty that should such effort occur: "Defendants will not be reticent about formally objecting to such actions." <u>See</u> this Court's order granting extension (doc. #24).

Plaintiffs may not seek to use the vehicle of a surreply to raise issues with respect to the newly proposed regulations, which have not yet been presented for a public hearing.

4. <u>Plaintiffs' motion is vague regarding the asserted issue of "consider[ing] documents outside the pleadings" and requires the Court and Defendants to guess about Plaintiffs' intent. If the intent is to allow Plaintiffs the opportunity to try to "shore-up" the admissibility of "exhibit 2" to their response, Plaintiffs have already had that opportunity.</u>

Plaintiffs' motion is vague regarding the issue Plaintiffs might wish to address. For that reason alone, it should be deemed inadequate to permit any surreply. If Plaintiffs are intending to address, in a surreply, Point 1 of Defendants' reply, asking that Plaintiffs' "exhibit 2," which is attached to their response, not be considered by the Court and that it be excluded and stricken, for the reasons set forth therein, Plaintiffs have already had ample opportunity to consider and attempt to address the obvious problems with their "exhibit 2." Plaintiffs' "exhibit 2" is wholly immaterial, irrelevant, misleading, is without any authentication, and discloses nothing about the

5

alleged data source or how that data was collected, manipulated and sorted for purposes of creating that table. In Khoury v. Meserve, 268 F. Supp.2d 600, 605-06 (D.Md.), aff'd, 2004 U.S. App. LEXIS 1042 (4th Cir. 2004), the court refused to allow plaintiff to file a surreply to address deficiencies defendants had raised with respect to plaintiff's affidavit attached to her response to defendants' motion. The court stated: "Plaintiff had the opportunity to support her affidavit with arguments and facts in her opposition brief; a surreply would not provide Plaintiff with her first chance to address the issue." (Emphasis added).

The issue Plaintiffs raise here is both vague and, if directed to the arguments Defendants made about Plaintiffs' "exhibit 2," the issue is not "new" for purposes of satisfying surreply standards for leave to be granted.

WHEREFORE, Defendants respectfully pray that Plaintiffs' motion for leave to file surreply be denied and for such further relief as the Court deems just and proper.

Respectfully submitted,

GARY K. KING
Attorney General

_____/s/_____
MELANIE CARVER
Assistant Attorney General
111 Lomas Blvd. NW Ste 300
Albuquerque, NM 87102
(505) 222-9092
mcarver@nmag.gov

_____/s/_____
ANDREA R. BUZZARD
Assistant Attorney General
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 827-6039
abuzzard@nmag.gov

CERTIFICATE OF SERVICE

       I hereby certify that on November 2, 2009, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Wayne E. Bingham, Esq.
wbingham@binghamhurst.com
Plaintiffs' attorney