IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASSOCIATED BUILDERS AND CONTRACTORS,
NEW MEXICO CHAPTER;
NORTHERN NEW MEXICO INDEPENDENT
ELECTRICAL CONTRACTORS;
NEW MEXICO ROOFING CONTRACTORS
ASSOCIATION;
NEW MEXICO CHAPTER AMERICAN FIRE SPRINKLER
ASSOCIATION;
NATIONAL UTILITY CONTRACTORS OF NEW MEXICO;
SHUMATE CONSTRUCTORS, INC.;
KAUFMAN FIRE PROTECTION SYSTEMS, INC.;
REID & ASSOCIATES, INC.;
MECHANICAL CONCEPTS LTD. CO.;
MICHAEL S. RICH CONTRACTORS, INC.;
NEW MEXICO METAL SYSTEMS, LLC;
TLC PLUMBING & UTILITY, INC.;
HIGHWAY SUPPLY, LLC;
PELLETIER CONSTRUCTION, INC.;
PLATINUM BUILDERS CORPORATION; and
SDV CONSTRUCTION, INC.,,

    Plaintiffs,

v.                                                                                              No. 9-CV-546 WJ/RHS

STATE OF NEW MEXICO, ex rel.
Department of Workforce Solutions; Department
Of Workforce Solutions-Labor Relations Division;
BETTY SPARROW DORIS, in her official capacity;
FRANCIE CORDOVA, in her official capacity,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO FILE SURREPLY**

    THIS MATTER comes before the Court on Plaintiffs' Motion for Leave to File Surreply

to Defendants' Reply (Doc. 31). On August 3, 2009, Defendants filed a Motion to Dismiss

arguing lack of subject matter jurisdiction, failure to state a claim, and sovereign and legislative immunity, among other things. Plaintiffs filed their Response on October 5, 2009 (Doc. 27), and Defendants duly filed their Reply (Doc. 29). Now, Plaintiffs have filed this Motion for Leave to File a Surreply. Essentially, Plaintiffs request leave to: (1) respond to Defendants' argument that the Court should strike Plaintiffs' Exhibit "2"; (2) address proposed regulations which were made public on October 23, 2009 (the same day Plaintiffs filed this Motion); and (3) respond to Defendants' arguments regarding standing and exhaustion of administrative remedies.

The Court will permit the Plaintiffs to file a limited surreply which addresses the appropriateness of Plaintiffs' Exhibit "2" and the impact of the Defendants' proposed regulations on Plaintiffs' existing arguments. In their Response to Defendants' Motion to Dismiss, Plaintiffs attached a one-page exhibit marked "Exhibit 2." In their Reply, Defendants argued that the Court should strike this exhibit as immaterial, misleading, and lacking in any authentication. Because Plaintiffs have not yet an opportunity to address this challenge to their exhibit, the Court will permit them to respond in a surreply. In addition, Plaintiffs may explain how the newly proposed regulations add support to or detract from the arguments already made in their Response to Defendants' Motion to Dismiss. Plaintiffs may not, however, challenge the proposed regulations in their surreply. *See, e.g., Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert denied*, 470 U.S. 1054 (1985) ("[It is] axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"). In addition, Plaintiffs may not include any further argument on standing or exhaustion of administrative remedies. The Defendants raised both those arguments in their Motion to Dismiss and Plaintiffs have had sufficient opportunity to respond to those arguments in their Response.

Given the limited nature of the permitted surreply, the Court sees no reason to extend to

Plaintiffs the full 14 days to file their surreply. Accordingly, Plaintiffs must file any surreply by Friday, December 11, 2009 and any surreply must be limited to no more than five pages. Furthermore, the Court will not permit the Defendants to file a Reply to the Surreply.

    SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE